UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LASHONTA A. TRICE,

        Petitioner,

v.                                  CASE NO. 04-CV-74575-DT
                                     HONORABLE VICTORIA A. ROBERTS

KURT JONES,

        Respondent.
_____/

## ORDER GRANTING PETITIONER'S MOTIONS FOR A CERTIFICATE OF APPEALABILITY AND TO PROCEED IN FORMA PAUPERIS ON APPEAL

Petitioner Lashonta A. Price appealed the Court's opinion and order denying his habeas corpus petition. Currently pending before the Court are Petitioner's motion for a certificate of appealability (COA) and his motion to proceed *in forma pauperis* on appeal

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a COA." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

Courts must either issue a COA indicating which issues satisfy the required showing or provide reasons why such a certificate should not issue. 28 U.S.C. § 2253(c)(3); Fed. R. App. P. 22(b)(1); *In Re Certificates of Appealability*, 106 F.3d 1306, 1307 (6th Cir. 1997). "Where a

district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

Petitioner seeks to appeal his first and second habeas claims. The first claim alleges that Petitioner was deprived of his right to effective assistance of counsel when his trial attorney failed to interview and present his mother and girlfriend as defense witnesses. The Court found no merit in this claim because counsel's allegedly deficient performance did not prejudice the defense. The potential witnesses were not disinterested witnesses, and Petitioner did not testify consistently with the witnesses' affidavits.

The second habeas claim alleges that defense counsel should have objected when the trial court failed to instruct the jury on the proper use of the complainant's prior inconsistent statements. The Court determined that the allegedly deficient performance did not prejudice the defense, because the trial court's jury instructions were adequate and the alleged discrepancies between the complainant's trial testimony and his prior statements to the police were fully explored at trial.

Reasonable jurists, however, could debate the Court's assessment of Petitioner's constitutional claims, because they are not frivolous claims. Accordingly, the Court GRANTS Petitioner's motion for a certificate of appealability [Doc. #25, Aug. 28, 2006]. A certificate of appealability may issue on habeas claims I and II regarding Petitioner's trial attorney.

Petitioner's motion to proceed *in forma pauperis* on appeal [Doc. #26, Aug. 28, 2006] likewise is GRANTED.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  September 13, 2006

| |
|---|
| The undersigned certifies that a copy of this document was served on the attorneys of record and Plaintiff by electronic means or U.S. Mail on September 13, 2006.<br><br>s/Linda Vertriest<br>Deputy Clerk |